KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur J. Steinberg
Heath D. Rosenblat

*Counsel for the Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SOLSTICE, LLC, *et al.,* | : | Case No. 09-11010 (REG) |
| | : | (Jointly Administered) |
| Debtors. | : | |

---------------------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING
DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES
FOR THE SOLICITATION AND TABULATION OF VOTES
TO ACCEPT OR REJECT THE JOINT LIQUIDATING
PLAN OF REORGANIZATION, (III) SCHEDULING A CONFIRMATION
HEARING, AND (IV) APPROVING RELATED NOTICE PROCEDURES**

Solstice, LLC ("Solstice"), its management company Solstice Management, LLC ("Management"), and certain direct or indirect subsidiaries (collectively, the "Subsidiary Debtors")[1], as debtors and debtors-in-possession herein (collectively, the "Debtors"), by and through their undersigned counsel, file this motion ("Motion") for entry of an order (i) approving the Disclosure Statement ("Disclosure Statement") with respect to the *Joint Liquidating Plan of Reorganization* ("Plan"); (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan (collectively, the "Solicitation Procedures"), including approval of

---

[1] The Subsidiary Debtors consist of the following fourteen (14) entities: (i) Solstice Ownership I, LLC; (ii) Solstice Ownership II, LLC; (iii) Solstice Ownership III, LLC; (iv) Solstice Ownership IV, LLC; (v) Solstice Ownership V, LLC; (vi) Solstice Ownership VI, LLC; (vii) Solstice Ownership VII, LLC; (viii) Sea Vision I, LLC; (ix) Parallel I LLC; (x) Parallel Aspen, LLC; (xi) Parallel Management LLC; (xii) 163 Charles Street No. 4 New York, LLC; (xiii) 163 Charles Street No. 5 New York, LLC; and (xiv) Solstice Ownership 7, S.r.l. ("SRL").

(a) the form of ballot for submitting votes on the Plan, (b) the deadline for submission of such ballots, (c) the contents of the proposed solicitation packages to be distributed in connection with the solicitation of votes on the Plan, (d) the proposed record date for Plan voting, (e) procedures for tabulating votes with respect to the Plan, and (f) certain related relief; (iii) scheduling a hearing on confirmation of the Plan ("Confirmation Hearing"); and (iv) approving certain related notice procedures ("Confirmation Procedures").[2] In support of this Motion, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. By this Motion, and as described in detail below, the Debtors seek Court approval of various substantive and procedural matters central to the Chapter 11 plan confirmation process and the completion of these Chapter 11 cases and, thus, essential to the Debtors' winddown efforts. As a threshold matter, the Debtors seek approval of the Disclosure Statement as providing "adequate information" within the meaning of Section 1125(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* ("Bankruptcy Code"). The Debtors submit that the information contained in the Disclosure Statement satisfies the standard for approval set forth in the Bankruptcy Code.

2. Contingent upon approval of the Disclosure Statement, the Debtors further seek approval of two discrete sets of procedures, each designed to implement and/or streamline the Plan confirmation process. Specifically, the Debtors seek approval of: (i) the Solicitation Procedures establishing rules and deadlines governing the solicitation and tabulation of votes on the Plan, including the form of ballots and other solicitation documents; and (ii) the Confirmation Procedures scheduling the confirmation hearing, providing for adequate notice

---

[2] Capitalized terms used but not defined herein shall be given the meaning ascribed to them in the Plan.

thereof and creating a framework for the filing and service of any objections to Plan confirmation (and any responses thereto). The Debtors submit that each of these procedures (described at length herein) (i) is necessary and reasonable, and (ii) complies fully with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Rules") and, therefore, should be approved.

3. For the convenience of the Court and all parties-in-interest, the following is a summary timeline identifying each of the relevant dates and deadlines proposed by this Motion:

(a) April 14, 2010: Record date for determination of claim or interest holder status ("Record Date");

(b) April 20, 2010: Deadline for serving solicitation packages;

(c) April 23, 2010: Deadline for newspaper publication;

(d) May 4, 2010: Deadline for filing Rule 3018(a) motions;

(e) May 18, 2010: Deadline for filing objections to Plan confirmation;

(f) May 20, 2010: Deadline for receipt of ballots;

(g) May 25, 2010: Deadline for Debtors to reply to any objections to Plan confirmation;

(h) May 25, 2010: Deadline for submission of tabulation report; and

(i) May 27, 2010: Confirmation Hearing.

## JURISDICTION

4. This Court has jurisdiction over these Chapter 11 cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

5. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

6. The statutory predicate for the relief requested herein is Sections 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020 and Local Rules 3017-1 and 3018-1.

## BACKGROUND

### A. The Debtors' Bankruptcy Filing

7. On March 5, 2009 ("Petition Date"), each of the Debtors (other than the SRL) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On June 12, 2009, the SRL filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

8. The Debtors continue to manage their remaining assets.

9. No trustee or examiner has been appointed in the Debtors' Chapter 11 cases. A five (5) person creditors committee ("Creditors Committee") has been appointed in these Chapter 11 cases.

### B. The Debtors' Operations

10. Solstice is a holding company that owns, directly or indirectly, 100% of the stock of Management and the Subsidiary Debtors, with the limited exception of owning 98% of the stock of Parallel Management LLC.

11. The Debtors were a destination club business. They owned or leased luxury destination homes in various locations in the United States, Latin America and Europe (collectively, the "Properties").

12. As of the Petition Date, the destination club had ninety-four (94) members ("Members") and three different levels of memberships, each of which carried with it varied costs, rights and privileges.

C.   **Case Overview**

13.   In December 2009, the Debtors consummated a sale of substantially all of their assets to Zodiac Real Estate Limited ("Zodiac"), who agreed to continue operating a destination club with the Properties purchased from the Debtors, and offer new memberships to the Members. A substantial majority of the Members joined Zodiac's new destination club.

14.   The proceeds generated from the Zodiac sale were sufficient to repay all of the Debtors' debtor-in-possession loans in full. In addition, the Debtors' prepetition secured creditors (the Fortress entities) agreed to bifurcate their claim; the secured portion was paid in full from the sale proceeds, and the unsecured portion (a portion of the penalty fee) was subordinated to the claims of other general unsecured creditors.

15.   Based on the substantial progress made during these Chapter 11 cases, the Debtors are now in a position to propose a liquidating plan of reorganization (*i.e.*, the Plan) that will provide the framework for adjudicating claims and making periodic distributions to general unsecured creditors in accordance with the priority scheme set forth in the Bankruptcy Code.

**RELIEF REQUESTED**

16.   By this Motion, the Debtors respectfully request the entry of an order, pursuant to Sections 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020, and Local Rules 3017-1 and 3018-1, (i) approving the Disclosure Statement, (ii) approving and establishing the Solicitation Procedures, (iii) scheduling the Confirmation Hearing, and (iv) approving and establishing the Confirmation Procedures.

I.     **Approval of the Disclosure Statement**

17.    The Debtors respectfully submit that the Disclosure Statement, attached to the proposed order as Exhibit A, contains "adequate information" within the meaning of Section 1125(a)(1) of the Bankruptcy Code and, thus, should be approved by the Court.

18.    Pursuant to Section 1125(b) of the Bankruptcy Code, a plan proponent must provide holders of impaired claims and interests entitled to vote with "adequate information" regarding the proposed plan of reorganization. *See* 11 U.S.C. § 1125(b).

19.    Section 1125(a)(1) defines "adequate information" as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, . . . that would enable [a] hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

20.    A debtor's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders entitled to vote on the debtor's plan of reorganization. *See In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995); *In re BSL Operating Corp.*, 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986) ("A disclosure statement . . . is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by holders of claims and interests."); *In re Amfesco Indus., Inc.*, No. CV-88-2952 (JBW), 1988 WL 141524 at *5 (E.D.N.Y. Dec. 21, 1988) ("Under section 1125 of the Bankruptcy Code, a reasonable and typical creditor or equity security holder must be provided 'adequate information' to make an informed judgment regarding a proposed plan.").

21.     The Court has broad discretion in determining whether a disclosure statement contains adequate information.  *See Mabey v. Sw. Elec. Power Co. (In re Cajun Elec. Power Coop.)*, 150 F.3d 503, 518 (5th Cir. 1998) ("[I]n determining what constitutes 'adequate information' with respect to a particular disclosure statement, 'both the kind and form of information are left essentially to the judicial discretion of the court . . . the information required will necessarily be governed by the circumstances of the case.'") (quoting S. REP. NO. 95- 989, at 121 (1978)); *cert. denied*, 119 S. Ct. 2019 (1999); *In re WorldCom, Inc.*, 2003 U.S. Dist. LEXIS 11160 at *30 (S.D.N.Y. June 30, 2003) ("The determination of what is adequate information is subjective and made on a case by case basis.  This determination is largely within the discretion of the bankruptcy court.") (citing *In re Ionosphere Clubs, Inc.*, 179 B.R. at 29).

22.     Accordingly, the determination of the adequacy of information in a disclosure statement must be made on a case-by-case basis, focusing on the unique facts and circumstances of the relevant case.  In that regard, courts generally examine whether a disclosure statement contains, if applicable, the following types of information:

(a)     the circumstances that gave rise to the filing of the bankruptcy petition;
(b)     a description of the available assets and their value;
(c)     the anticipated future of the debtor;
(d)     the sources of information provided in the disclosure statement;
(e)     the condition and performance of the debtor while in Chapter 11;
(f)     information regarding claims against the estate;
(g)     a liquidation analysis setting forth the estimated return that creditors would receive if the debtor's bankruptcy case were a case under Chapter 7 of the Bankruptcy Code;
(h)     the accounting and valuation methods used to produce the financial information in the disclosure statement;
(i)     information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors or officers of the debtor;
(j)     a summary of the plan of reorganization;

(k) an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(l) financial information that would be relevant to creditors' determinations of whether to accept or reject the plan;

(m) information relevant to the risks being taken by the creditors and interest holders;

(n) the tax consequences of the plan; and

(o) the relationship of the debtor with its affiliates.

*See*, *e.g.*, *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement evaluated in light of the factors set forth in *Scioto Valley Mortgage*). This list is not meant to be exclusive, nor must a debtor include in its disclosure statement all of the information on the list. Rather, the court must decide what information is appropriate in each case. *See In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (making use of similar list but cautioning that "no one list of categories will apply in every case.").

23. The Disclosure Statement contains ample information with respect to the topics identified above, including descriptions and summaries of, among other things: (a) the terms of the Plan; (b) various events preceding the commencement of these Chapter 11 cases; (c) the sale of substantially all of the Debtors' assets to Zodiac; (d) the nature of known claims against the Debtors' estates; (e) risk factors affecting the Plan; (f) financial information that would be relevant to creditors' determinations of whether to accept or reject the Plan; (g) information relevant to the risks being taken by creditors and interest holders; and (h) the tax consequences of the Plan. Thus, the Disclosure Statement submitted in these Chapter 11 cases provides an extensive and comprehensive overview of the Plan and its ramifications sufficient to constitute adequate information within the meaning of Section 1125 of the Bankruptcy Code and, therefore, should be approved.

## II. Approval of Solicitation Procedures

### A. Establishment of Voting Record Date

24. Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

25. Accordingly, the Debtors request that the Court establish **April 14, 2010**, as the Record Date for purposes of determining which creditors are entitled to vote on the Plan and which non-voting creditors and interest holders are entitled to receive a Non-Voting Notice (as defined herein).

### B. Approving Solicitation Package

26. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests entitled to vote for the purpose of soliciting their votes and providing adequate notice of the confirmation hearing.

27. Except as provided below, upon approval of the Disclosure Statement, the Debtors propose that the following materials (collectively, the "Solicitation Package") be distributed by the Debtors to each record and beneficial holder of a claim and/or interest entitled to vote on the Plan:

    a. A cover letter describing the contents of the Solicitation Package;

  b.  the Disclosure Statement, together with all exhibits thereto (which exhibits include the Plan);[3]

  c.  the Confirmation Hearing Notice (as defined below);

  d.  an appropriate ballot, including voting instructions; and

  e.  such other materials as the Court may direct.

28. The Debtors expect that they will be able to commence distribution of the Solicitation Packages no later than April 20, 2010 ("Solicitation Commencement Date").

**C. Notices of Non-Voting Status**

29. For those classes of claims that are unimpaired and deemed to accept the Plan or impaired and deemed to reject the Plan and, thus, not entitled to vote to accept or reject the Plan, the Debtors propose to distribute to each member of such class the notice of non-voting status ("Non-Voting Notice") attached as Exhibit B to the proposed order. The Non-Voting Notice informs such members of the status of their claims (*i.e.*, unimpaired or impaired) and contains, among other things, (i) information regarding the Confirmation Hearing, (ii) the deadline for objecting to the Plan, and (iii) instructions on how to obtain a copy of the Plan and Disclosure Statement.

**D. Approval of Form of Ballot**

30. Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Debtors propose to distribute to creditors entitled to vote on the Plan one or more ballots,

---

[3] To reduce substantially the administrative costs associated with printing and mailing such voluminous documents, the Debtors reserve the right to serve the Disclosure Statement and Plan (including any exhibits thereto) to all parties via CD-ROM instead of in printed format. This procedure has been approved in other Chapter 11 cases in this district. *See, e.g.*, *In re Frontier Airlines Holdings, Inc.*, No. 08-11298 (RDD) (Bankr. S.D.N.Y. July 22, 2009); *In re Northwest Airlines Corp.*, No. 05-17930 (ALD) (Bankr. S.D.N.Y. Mar. 30, 2007); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG) (Bankr. S.D.N.Y. Nov. 23, 2005).

substantially in the form attached as Exhibit C to the proposed order.  The form for this ballot is based on Official Form No. 14, but has been modified to address the particular aspects of these Chapter 11 cases, and to include certain additional information that the Debtors believe to be relevant and appropriate to each class of claims that is entitled to vote to accept or reject the Plan.

### E. Voting Deadline and Procedures for Vote Tabulation

#### i. Establishment of Voting Deadline

31. Bankruptcy Rule 3017(c) provides that, in connection with or before approval of a disclosure statement, a court shall fix a time within which the holders of claims or equity security interests may accept or reject the relevant plan of reorganization.  Fed. R. Bankr. P. 3017(c).

32. In accordance with Bankruptcy Rule 3017(c), the Debtors request that the Court enter an order requiring that, in order to be counted as a vote to accept or reject the Plan, any ballot accepting or rejecting the Plan be properly executed, completed and delivered so as to be actually received by the Debtors' counsel not later than **5:00 p.m. (prevailing Eastern Time) on May 20, 2010** ("Voting Deadline").

33. The Debtors submit that a solicitation period of not less than 30 days provides sufficient time for creditors to make informed decisions to accept or reject the Plan and submit timely ballots.  Therefore, the Voting Deadline should be approved.

#### ii. Approval of Procedures for Vote Tabulation

34. Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

35. The Debtors propose, solely for purposes of voting to accept or reject the Plan and ***not for purposes of allowance or distribution on account of a claim*** and without prejudice to the rights of the Debtors in any other context, that the amount of a claim or interest used to tabulate acceptance or rejection of the Plan be either:

   a. the claim amount listed in Debtors' schedules of liabilities, provided that such claim is not scheduled as contingent, disputed, or unliquidated and that the creditor has not filed a proof of claim or interest;

   b. the liquidated amount specified in a proof of claim or interest timely filed with the Court (or otherwise deemed timely filed by the Court under applicable law), to the extent that the proof of claim or interest is not the subject of an objection; or

   c. the amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after notice and a hearing at or before the Confirmation Hearing.

36. If a claim holder casts a ballot and the entirety of such creditor's claim is the subject of an objection to said claim filed before the Voting Deadline, the Debtors request that such voter's ballot not be counted. If a voter casts a ballot and part of such voter's claim is the subject of an objection filed before the Voting Deadline, the Debtors request that such voter's ballot be treated as a claim for voting purposes only to the extent of the remaining amount of the claim not subject to any objection. In either case, if a voter desires to vote in a higher amount, the voter may seek authority from the Court to do so following notice and a hearing, pursuant to Bankruptcy Rule 3018(a).

37. The Debtors request that ballots cast by voters who have filed proofs of claim in unliquidated or unknown amounts that are not the subject of an objection filed before the Voting

Deadline, be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the amount of $1.00 each.

38. In addition, the Debtors request that the following voting procedures and standard assumptions ("Tabulation Rules") be used in tabulating ballots:

(a) Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and to supersede any prior ballots;

(b) A creditor must vote all of its claims within a class either to accept or reject the Plan and may not split its vote. Accordingly, a ballot that partially rejects and partially accepts the Plan will not be counted;

(c) If a ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or another acting in a fiduciary or representative capacity when signing, then unless otherwise determined by the Debtors, on request of the Debtors and prior to the ballot being counted, such signatory must submit proper evidence satisfactory to the Debtors of its authority to act on behalf of a holder of claims;

(d) The Debtors in their discretion, subject to contrary order of the Court, may waive any defect in any ballot at any time, either before or after the close of voting, and without notice. Except as provided below, unless the ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their discretion, reject such ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Plan by the Court;

(e) Unless otherwise ordered by the Court, all questions as to the validity, form, eligibility (including time of receipt), and revocation or withdrawal of ballots will be determined by the Debtors in their discretion, which determination shall be final and binding;

(f) Subject to contrary order of the Court, the Debtors reserve the absolute right to reject any and all ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code;

(g) Any ballot that is executed but that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall be deemed to constitute a vote in favor of the Plan;

(h) Any ballot that is ineligible, contains insufficient information to permit the identification of the claimant or is not signed will not be counted;

(i) Unless waived, any defects or irregularities in connection with deliveries of ballots must be cured within such time as the Debtors or the Court determine. Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots, nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted; and

(j) Any vote purportedly cast on behalf of a class of creditors will not count for voting purposes unless and until the class is certified by the Court pursuant to a class proof of claim to which no objection has been filed, or if an objection has been filed to such a proof of claim, which has been temporarily certified in an allowed amount for purposes of voting.

39. The Debtors submit that the proposed Tabulation Rules and other related vote tabulation procedures set forth above will establish a fair and equitable voting process and, therefore, should be approved.

### III. Confirmation Hearing and Notice and Objection Procedures in Respect of Plan Confirmation

#### A. Confirmation Hearing

40. Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

41. In accordance with Bankruptcy Rule 3017(c), the Debtors request that the Confirmation Hearing be scheduled for **10:30 a.m. (prevailing Eastern Time) on May 27, 2010**, subject to the Court's calendar. The Confirmation Hearing may be continued from time-to-time by the Court or the Debtors without further notice other than adjournments announced in open court or through a filing on the Court's docket. The proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and will enable the Debtors to pursue confirmation of the Plan in a timely fashion.

### B. Establishing Notice Procedures

42. Bankruptcy Rule 2002 requires not less than twenty-eight (28) days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a Chapter 11 plan. In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtors propose to provide to all creditors and equity security holders notice substantially in the form annexed to the attached proposed order as <u>Exhibit D</u> ("<u>Confirmation Hearing Notice</u>"). The Confirmation Hearing Notice contains, *inter alia*, (i) the date of approval of the Disclosure Statement, (ii) the deadline for filing objections to confirmation of the Plan, (iii) the deadline for voting on the Plan, and (iv) the time, date and place of the Confirmation Hearing. The Confirmation Hearing Notice complies with the notice requirements of Bankruptcy Rules 2002 and 3017.

43. Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). The Debtors propose to publish the form of Confirmation Hearing Notice annexed to the proposed order as <u>Exhibit D</u> (or a form substantially similar thereto) at least once in *The Wall Street Journal* (Global Edition) at least twenty-eight days prior to the Confirmation Hearing.

44. The Debtors submit that the foregoing procedures will provide parties-in-interest adequate notice of the Confirmation Hearing and, accordingly, request that the Court approve such notice as adequate and sufficient.

### C. Establishing Objection Procedures

45. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1). The

Debtors request that the Court direct that objections to confirmation of the Plan or proposed modifications to the Plan, if any, (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System which can be found at the Bankruptcy Court's official website (www.nysb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered to Chambers) and served in accordance with General Order M-242, so as to be *actually received* not later than **5:00 p.m. (prevailing Eastern Time) on May 18, 2010** ("Objection Deadline") and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (a) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036, Attn: Arthur J. Steinberg and Heath D. Rosenblat (counsel for the Debtors); (b) Solstice LLC, 601 Union Street, Suite 4200, Seattle, Washington 98101, Attn: Carolynn Rockafellow; (c) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn: Greg M. Zipes; and (d) Arent Fox LLP, 1675 Broadway, New York, New York 10019, Attn: Schuyler G. Carroll and Ronni N. Arnold (counsel for the Official Committee of Unsecured Creditors).

46. The proposed timing for filing and service of objections and proposed modifications to the Plan, if any, will afford the Court, the Debtors, and other parties-in-interest

sufficient time to consider the objections and proposed modifications to the Plan prior to the Confirmation Hearing.

## RESERVATION OF RIGHTS

47. To the extent that circumstances arise requiring a modification or amendment of the Solicitation Procedures and/or the Confirmation Procedures, the Debtors hereby reserve the right to supplement and/or amend the Solicitation Procedures and the Confirmation Procedures as appropriate to better facilitate the solicitation and/or confirmation process.

## NOTICE

48. The Debtors have caused notice of this Motion to be given to the following persons or entities: (i) those persons or entities listed on the Debtor's Master Service List; (ii) Fortress and its Counsel; (iii) Counsel for the Official Committee of Unsecured Creditors; (iv) the Office of the U.S. Trustee; (v) Graham Kos; and (vi) all other parties requesting notice in these Chapter 11 cases. The Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

49. No prior request for the relief sought in this Motion has been made to this or any other Court.

[*Text Continued On The Next Page*]

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, (i) approving the Disclosure Statement, (ii) scheduling the Confirmation Hearing, (iii) approving and establishing the Solicitation Procedures and the Confirmation Procedures, as described herein, and (iv) granting the Debtors such other and further relief as the Court may deem just and proper.

Dated: March 11, 2010
      New York, New York

                                 KING & SPALDING LLP

                                 By: /s/ Arthur J. Steinberg
                                 Arthur J. Steinberg
                                 Heath D. Rosenblat
                                 King & Spalding LLP
                                 1185 Avenue of the Americas
                                 New York, NY 10036
                                 Telephone: (212) 556-2100
                                 Facsimile: (212) 556-2222

                                 *Counsel for the Debtors*