UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
In re: : Chapter 11

SOLSTICE, LLC, *et al.,* : Case No. 09-11010 (REG)
 (Jointly Administered)
        Debtors. :

 **GRAHAM KOS' JOINDER IN THE 2M**
 : **GROUP'S OBJECTION TO THE FIRST**
 **AMENDED PLAN OF LIQUIDATION**
 :

------------------------------------- X

      Graham Kos files this Joinder to 2M Group *et al*'s ("2MG") Objection to Debtors' First Amended Plan of Liquidation ("the Plan") as follows:

**I.    INTRODUCTION**

      1.    Graham Kos joins in 2MG's Objection seeking a separate classification under the Plan pursuant to 11 U.S.C. Section 1122, reject the Plan as framed, and object to a cramdown of the Plan pursuant to 11 U.S.C. Section 1129 on the basis that it is unfairly discriminatory and not fair and equitable to 2MG, or Graham Kos, vis-à-vis the other members of the Debtors' luxury destination club.

      2.    Like 2MG, Graham Kos has been denied the right to use and enjoy the Solstice properties during the pendency of the bankruptcy unlike other "Resignation Queue Members" and has been denied the right to opt in to several contemplated contingent rights as a "Rollover Member" of the new entity formed pursuant to the bankruptcy asset sale. Graham Kos is unfairly excluded from these additional benefits solely because current management wrongfully and without cause purportedly terminated Graham Kos' membership in the days before Solstice

2386322.1

filed for bankruptcy. This purported membership termination was clearly pre-textual based on incorrect claims of an unpaid chit of about a hundred dollars from the Mexico property. Obviously, the timing of the purported membership termination was purposefully and tactically designed. Graham Kos timely and promptly requested a hearing and arbitration contesting the termination, but Solstice never responded (presumably believing that the bankruptcy stay applied to such proceedings). As with 2MG, the Plan proposes to treat Graham Kos is a fashion less favorable that the other club members.

3. If Graham Kos can prove in the upcoming adversary proceedings that his membership termination was wrongful and/or incorrect, then it would only be logical and fair that he be treated similarly to the other club members.

4. Graham Kos timely filed a proof of his claims, including the value of his membership, on or about August 12, 2009.

5. Graham Kos hereby joins in and incorporates by this reference the legal arguments made by 2MG in its Objection to Debtors' Plan.

**WHEREFORE**, Graham Kos respectfully requests that the Court:

1. Deny Confirmation of the Plan unless it contains a provision that should Graham Kos prevail in the upcoming adversary proceedings and demonstrate that the purported termination of his membership was wrongful and incorrect, then he will have the same rights to opt in to the several contemplated contingent rights as a "Rollover Member."

2. Granting Graham Kos such other and further relief as the Court deems appropriate.

Dated: June 14, 2010                    Respectfully submitted,


                                        _____/s/_____
                                        GRAHAM KOS *(Pro Se)*
                                        219 Beach Rd. Belvedere CA. 94920
                                        (415) 828-2807